UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tameika M. Cathey,                                        Civil No. 10-2525 (DWF/LIB)

          Petitioner,

v.                                                        **ORDER ADOPTING REPORT
                                                          AND RECOMMENDATION AS**
Nicole C. English,                                        **MODIFIED AND MEMORANDUM**

          Respondent.

---

Tameika Marie Cathey, *Pro Se*, Petitioner.

D. Gerald Wilhelm, Chad A. Blumenfield, and Gregory G. Brooker, Assistant United States Attorneys, United States Attorney's Office, counsel for Respondent.

---

This matter is before the Court upon Petitioner Tameika M. Cathey's objections to Magistrate Judge Leo I. Brisbois' March 2, 2011 Report and Recommendation insofar as it recommends that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied and this action be dismissed with prejudice.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b).  The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Petitioner's objections.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Petitioner Tameika M. Cathey's objections (Doc. No. [22]) to Magistrate Judge Leo I. Brisbois' March 2, 2011 Report and Recommendation are **DENIED** except with respect to Petitioner's objection that the date she was sentenced in state court was January 25, 2000, not April 7, 1999, which is when the State of Tennessee authorities arrested Petitioner to gain primary custody of her. In all other respects, the Report and Recommendation is adopted.

2. Magistrate Judge Leo I. Brisbois' March 2, 2011 Report and Recommendation (Doc. No. [19]), is **ADOPTED AS MODIFIED**.

3. Petitioner Tameika M. Cathey's motion and her responsive pleading to remand her case to the Bureau of Prisons to promptly review her request for a concurrent sentence pursuant to 18 U.S.C. § 3621(b) is **DENIED**.

4. Petitioner Tameika M. Cathey's applications for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. Nos. [1] and [2]) are **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 11, 2011          s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge

## MEMORANDUM

The Magistrate Judge has set forth in specific and accurate detail the factual background and procedural history of the Petitioner's case, which the Court has adopted in all respects, consistent with the record in this matter, except to the extent noted above, on the issue relating to the date she was sentenced.  Judge Glen H. Davidson, United States District Judge for United States District Court - Mississippi Northern was the sentencing judge.  The Court also had the opportunity to review the entire Presentence Investigation Report, along with the criminal judgment that was prepared after the sentencing in this matter.

Based on the Court's *de novo* review, the Court has concluded that Petitioner's sentence was imposed and computed properly, as did the Magistrate Judge and the sentencing judge.  First of all, there is no question that Petitioner's federal sentence commenced when she was received into the Attorney General's custody to serve the federal sentence on January 19, 2007.  Secondly, consistent with 18 U.S.C. § 3585(b), the Petitioner did receive credit for the time she served before coming into federal custody on January 19, 2007, from the state of Tennessee.

The central issue raised by the Petitioner from the outset of the case is that the Bureau of Prisons should have exercised its *nunc pro tunc* discretion to designate, retroactively or otherwise, the state prison as the place of confinement for Petitioner's sentence which would have caused the state and federal sentences to be served concurrently since the federal sentence was imposed subsequent to the state sentence. Admittedly, Petitioner was not given credit against the sentence imposed by the United States District Court for the time she spent in the custody of the state of Tennessee from April 17, 1999, through January 18, 2007.

The case has a rather tortuous procedural history.  However, on April 6, 2009, the Honorable Glen H. Davidson denied Petitioner's motion to reduce her sentence and denied Petitioner's motion for the time to run concurrent.

Significantly, 18 U.S.C. § 3584 states, in pertinent part, as follows:  "multiple terms of imprisonment imposed at different times run consecutively unless the Court orders that the terms are to run concurrently."

When a federal defendant is already subject to an undischarged term of imprisonment as Petitioner was here, the sentencing court has the power to make a federal sentence run either concurrently or consecutively.  18 U.S.C. § 3584(a).  It is true, that the circuit courts of appeal are divided over whether 18 U.S.C. § 3584(a) authorizes the federal court to declare a federal sentence concurrent to a state sentence if that state sentence has not yet been imposed.  *Fegans v. U.S.*, 506 F.3d 1101, 1103 (8th Cir. 2007). As observed by the Magistrate Judge, this issue resulted in the Third Circuit's command

"that the BOP exercise authority 'to determine concurrency' through a nunc pro tunc designation of the state prison as the place of federal confinement when the federal district court lacks power to do so."  *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990). However, unlike *Barden*, *id.*, as noted above, the sentencing judge for the Petitioner was authorized by 18 U.S.C. § 3584(a) to run the sentence either consecutively or concurrently.

In 1994, Petitioner is correct in asserting that the BOP promulgated Program Statement ("PS") 5160.03 to guide its exercise of discretion in making *nunc pro tunc* designations to state institutions.  *Fegans* at 1104, *supra*.  The PS guiding the BOP's discretion during the applicable time in this case is PS 5160.05.  (Flagg Decl., ¶ 7 (Attachment H) (Relevant Portions of PS 5160.05, *Designation of State Institution for Service of Federal Sentence*).  Moreover, the objective of the program is that "state institutions will be designated for concurrent service of a federal sentence when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system.  (*Id.* at Attachment H. p. 1.)

Here, the sentencing court was silent as to whether the federal sentence would be consecutive or concurrent with the state sentence.  Subsequently, in response to Defendant's motion, the sentencing court declined to vacate the sentence, modify the sentence, or clarify the judgment and commitment order, notwithstanding Petitioner's request to do so.  As noted by the Magistrate Judge in his Report and Recommendation, the BOP was therefore correct in relying on 18 U.S.C. § 3584(a) and denying Petitioner's

request for a *nunc pro tunc* designation.  This is not a case where the sentences were imposed at the same time, on the same day.  Rather, multiple terms were imposed at different times and there was no federal court order directing that the sentences should run concurrently.

    For these reason, the Bureau of Prisons was correct in denying Petitioner's request for a *nunc pro tunc* designation.  The Court has therefore adopted, as modified, the Report and Recommendation of the Magistrate Judge.  To do otherwise, would be contrary to 18 U.S.C. § 3584 and the record before the Court.

D.W.F.